| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | PRIORITY SEND<br>JS-6 |

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   **CV 11-8741-JFW (AJWx)**                          Date:  November 18, 2011

Title:      Juhee Oh -v- Aldo U.S., Inc., et al.

**PRESENT:**

   HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| Shannon Reilly | None Present |
|---|---|
| **Courtroom Deputy** | **Court Reporter** |

| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):**   ORDER REMANDING ACTION TO LOS ANGELES SUPERIOR COURT

   On August 10, 2011, Plaintiff Juhee Oh ("Plaintiff") filed a Complaint in Los Angeles Superior Court against Defendant Aldo U.S., Inc. ("Defendant").  On October 21, 2011, Defendant filed its Notice of Removal, alleging this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

   Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See *Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986).  "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted).  There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears.  See *Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990).  As the party invoking federal jurisdiction, Defendant bears the burden of demonstrating that removal is proper.  See, e.g., *Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

   Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000.

   Although Defendant alleges in its Notice of Removal that the amount in controversy exceeds $75,000**,** Plaintiff's complaint states that the amount in controversy is less than $75,000.  When a plaintiff alleges damages less than the jurisdictional amount, the jurisdictional amount is presumptively not satisfied unless it appears to a "legal certainty" that the claim is actually worth more than the jurisdictional amount.  See *Lowdermilk v. U.S. Bank Nat'l Ass'n* , 479 F.3d 994, 999 (9th Cir. 2007).  Defendant fails to meet this high burden.  For example, even accepting

Defendant's calculations, Plaintiff's "total potential recovery" is only $65,996.58, which is well below the $75,000 amount in controversy requirement.  Defendant then simply assumes that Plaintiff's attorney's fees will be $20,000.  *See Conrad Assocs. v. Hartford Acc. & Indem. Co.*, 994 F.Supp. 1196, 1199 (N.D. Cal. 1998) (holding that defendants could not meet the burden of demonstrating the amount in controversy "simply by pointing out that the complaint seeks punitive damages and that any damages awarded under such a claim could total a large sum of money."); *see also Gordon v. Allstate Insurance Co.*, 2010 WL 1949164 (D. Ariz. May 13, 2010) (holding that "while verdicts in similar cases can be probative, they are not determinative; Defendants must point to facts that would support a $75,000 or higher punitive damage award in this case.").

      Therefore, Defendant's conclusory allegations in this case do not prove to a legal certainty that the jurisdictional amount is satisfied.  *See, e.g., Alvarez v. Limited Express, LLC,* 2007 WL 2317125, at *4 (S.D. Cal. Aug. 8, 2007) (remanding where defendant "chose not to provide the underlying facts and instead relied on a speculative, conjectural estimate from plaintiff's motion papers"); *see, also, Lowdermilk v. United States Bank National Association*, 479 F.3d 994, 1002 (9th Cir. 2007) (holding that a court cannot base its jurisdiction on speculation and conjecture).  Accordingly, Defendant has failed to meet its burden of demonstrating that the amount in controversy exceeds $75,000.

      Defendant has failed to satisfy its burden of establishing that diversity jurisdiction exists.  Accordingly, this action is **REMANDED** to Los Angeles Superior Court for lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c).

      IT IS SO ORDERED.